IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

    Plaintiff,

vs.                                            No. CR 01-0016 MV

CARLOS ARTURO RAEL and
STEVEN KIRK TRUJILLO,

    Defendants.

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Steven Kirk Trujillo's Motion for Severance of Trial of Defendants, filed April 17, 2001 **[Doc. No. 37]**. The Court, having considered the motion, response, reply, relevant law, and being otherwise fully advised, finds that the motion is not well-taken and will be **DENIED**. Because the Court does not find that a hearing would aid the Court in its consideration of this matter, the request for a hearing will also be **DENIED.**

### BACKGROUND

The Government has alleged the following facts. During "the later part of November, 2000," a DEA agent received information from the Valencia County Sheriff's Department that several confidential informant citizens had reported that suspected drug dealing activity was occurring at 99 La Entrada Road, in Belen, New Mexico. The informants reported odd odors emanating from the residence and a heavy volume of vehicle and foot traffic occurring at odd hours of the night. The informants identified the people living at that address as "Carlos Rael" and "Steve."

On December 4, 2000, a DEA agent and a Valencia County detective conducted surveillance at 99 La Entrada Road. At approximately 11:30 a.m., a male drove a white pickup truck to the house and went inside the residence. The male then left the residence and backed the truck up towards the front door of the residence. He placed "several plastic bags" inside the bed of the truck and drove away from the residence.

The officers followed the male to a subdivision, where the male stopped near a park and unloaded the plastic bags near a garbage dumpster and left the area. The DEA agent approached the dumpster and found nine trash bags. A search of the trash bags revealed "several boxes and blister packs of pseudoephedrine tablets that appear to have been used" and "other drug paraphernalia" "indicative of methamphetamine manufacturing."

Based on the above, a search warrant was issued for the residence. On December 6, 2000, the search warrant was executed. Mr. Rael was at the residence at the time and allegedly told officers that Steven K. Trujillo resided in the south bedroom of the residence. During the search, officers seized several items from the home, including: a scale, a Tupperware container containing used coffee filters with red phosphorous, two dishes on the stove containing crystalized pseudoephedrine, a hot plate, sulfuric acid, tubing, twenty cans of methanol, ziplock baggies, spoons with white residue, used syringes, several firearms, and approximately $1,100.00 in cash.

From the room that the Government alleges was Mr. Trujillo's bedroom, officers seized a firearm, 26 rounds of ammunition, a Tupperware container containing iodine crystals, three glass jars containing liquid, three cans of Red Devil Lye, a clear plastic bag containing red powder, a clear plastic bag containing approximately 165 pseudoephedrine tablets, ziplock baggies with red

phosphorous, a photo of Mr. Trujillo, and several documents in Mr. Trujillo's name.  Officers also seized several items that the Government alleges is drug paraphernalia from a car on the property, from a storage building located to the northeast of the residence, and from a shed south of the residence.  It is undisputed that Mr. Trujillo was not at the residence when the search warrant was executed.

On January 4, 2001, an indictment was filed, charging Carlos Arturo Rael with one count of conspiracy to manufacture methamphetamine; one count of opening and maintaining a place for the purpose of manufacturing, distributing, and using methamphetamine; and four counts of possession of a firearm in furtherance of a drug trafficking crime.  The indictment also charged Steven K. Trujillo with one count of conspiracy to manufacture methamphetamine; one count of opening and maintaining a place for the purpose of manufacturing, distributing, and using methamphetamine; two counts of possession of a firearm in furtherance of a drug trafficking crime; and one count of being a felon in possession of a firearm.  Mr. Trujillo has filed a motion to sever, which the government opposes.

## STANDARD

Rule 8 of the Federal Rules of Criminal Procedure provides that defendants may be charged in a single indictment "if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses."  Fed. R. Crim. P. 8(b).  Under Rule 14, a district court may "order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires" upon finding that joinder will result in prejudice to a defendant or the government.  Fed. R. Crim. P. 14.

The decision whether or not to sever is within the discretion of the district court; in making that decision, the district court "must weigh prejudice to the defendant caused by joinder against the obviously important considerations of economy and expedition in judicial administration." *United States v. Dirden*, 38 F.3d 1131, 1140 (10th Cir. 1994) (internal quotations omitted). Even where prejudice is shown, the district court need not sever; limiting instructions are often sufficient to cure any risk of prejudice. *See Zafiro v. United States*, 506 U.S. 534, 539 (1993).

## ANALYSIS

Generally, a court will entertain a motion for severance under Rule 14 only if joinder is proper under Rule 8. *United States v. Yazzie*, 189 F.3d 1178, 1194 (10th Cir. 1999). Here, neither defendant challenges the propriety of joinder. In any event, Defendants Rael and Trujillo are alleged to have engaged in an ongoing conspiracy to manufacture and distribute methamphetamine and to have opened and maintained the same place for the purpose of carrying out this conspiracy. Thus, it appears that joinder was proper under Rule 8.

Severance is proper under Rule 14 only where "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539. Mr. Trujillo seeks an order severing his trial from Mr. Rael's trial on the ground that he and Mr. Rael have mutually antagonistic defenses and on the ground that failure to sever will result in a deprivation of Mr. Trujillo's rights under the Confrontation Clause, in violation of *Bruton v. United States*, 391 U.S. 123 (1968).

**Mutually Antagonistic Defenses**

Mr. Trujillo argues that "being tried jointly with Mr. Rael will irreparably and unduly prejudice him" because the codefendants' defenses will be mutually antagonistic in that Rael will seek to place all the blame on Trujillo, but Trujillo was not at the residence when the search warrant was executed. Mot. to Sever Trial at 3. Thus, Mr. Trujillo argues, "[t]he defenses to be presented by the individual defendants will be so inconsistent and antagonistic that any conviction of Mr. Rael will be based upon the prejudicial charges, prejudicial evidence, and prejudicial defenses presented rather than upon the evidence that is introduced by the government." *Id.*[1]

The government opposes severance on the ground of mutually antagonistic defenses because Mr. Trujillo "fails to demonstrate how his and Defendant Rael's defenses are antagonistic to the extent that severance is required under Rule 14" and because "the evidence does not support defense theories whereby each defendant would be a weapon against the other to the point that they would ultimately fuse together in the eyes of the jury so that neither defense is believed." Gov't Resp. to Mot. to Sever Trial at 7-8.

Severance may be necessary "if the defenses are so antagonistic that they are mutually exclusive." *Dirden*, 38 F.3d at 1141 (internal quotations omitted). However, mutually antagonistic defenses "are not prejudicial *per se*." *Zafiro*, 560 U.S. at 538. Moreover, defendants "are not entitled to severance merely because they may have a better chance of acquittal in separate trials." *Id.* at 540 (citing *United States v. Martinez*, 922 F.2d 914, 922 (1st Cir. 1991)).

---

[1] It appears that this is a typographical error and that Mr. Trujillo's counsel intended to use Mr. Trujillo's name here, rather than Mr. Rael's.

A defendant seeking severance must make a "strong showing of prejudice." *Dirden*, 38 F.3d at 1140-41 (quoting *United States v. Youngpeter*, 986 F.2d 349, 353 (10th Cir.1993)).

The Court finds that severance based on "mutually antagonistic defenses" at this time would be premature because it is not clear from any of the pleadings filed thus far in the case what Mr. Rael's defense will be. Mr. Trujillo appears to anticipate that Mr. Rael "will be attempting to blame Mr. Trujillo." Mot. to Sever Trial at 3. However, it is not yet clear whether Mr. Rael will, indeed, attempt to blame Mr. Trujillo or whether Mr. Rael will offer some other, non-antagonistic, defense.[2] Therefore, the Court declines to sever the trials based on "mutually antagonistic defenses" at this time.

### *Bruton*

Mr. Trujillo also argues that severance is necessary because admission of the statement made by Mr. Rael during the execution of the search warrant against Mr. Trujillo would violate *Bruton v. United States*, 391 U.S. 123 (1968). The basis of this contention is that when the search warrant was executed, Mr. Rael told officers that Mr. Trujillo lived in the south bedroom. Thus, Mr. Trujillo maintains that "[a] jury could construe Mr. Rael's statements to directly implicate Mr. Trujillo" and that if the government "seeks to introduce these statements, and Mr. Rael does not testify, the Sixth Amendment rights of Mr. Trujillo to confrontation will be violated under *Bruton v. United States*, 391 U.S. 123 (1968)." Mot. to Sever Trial at 4.

The Court finds that *Bruton* does not require severance at this time. In *Bruton*, the Supreme Court held that the admission of a non-testifying codefendant's confession, which

---

[2]In any event, mere "finger-pointing" is an insufficient basis for severance. *See United States v. Linn*, 31 F.3d 987, 992 (10th Cir. 1994).

directly implicates the defendant, violates the defendant's Sixth Amendment right to Confrontation. *See Bruton*, 391 U.S. at 126-28. Mr. Trujillo's *Bruton* argument must be rejected for several reasons.

First, it has yet to be determined whether Mr. Rael will invoke his Fifth Amendment right not to incriminate himself. If Mr. Rael takes the stand in his own defense in a joint trial and the statement is admitted, Mr. Trujillo will be able to cross-examine him as to it. This would alleviate any Sixth Amendment Confrontation Clause concern. Second, Mr. Trujillo argues in his Reply to the government's Response to his Motion that the statement would probably be inadmissible at trial. Such an argument, however, can simply be made in a motion *in limine*. If the Court agrees that the statement is inadmissible, the statement could then simply be excluded, obviating the need for separate trials.[3]

## CONCLUSION

The Court does not find that severance is warranted at this time. If it turns out that Mr. Rael and Mr. Trujillo do intend to assert defenses that are truly "mutually antagonistic," or if the government does seek to admit a confession signed by Mr. Rael that would unconstitutionally implicate Mr. Trujillo without adequately safeguarding his Confrontation Clause privileges, Mr. Trujillo may renew his motion. The Court has a continuing duty to sever a trial if

---

[3] It must be emphasized that the Court has been presented only with the statement made by Mr. Rael, prior to being taken into custody, that Mr. Trujillo lived in the south bedroom. Mr. Trujillo also claims to be "aware that Mr. Rael made statements after being taken into custody by agents of the United States which incriminate Mr. Trujillo in the charged conduct." Mot. to Sever Trial at 3. However, Mr. Trujillo does not base his severance motion on this ground. If Mr. Rael did, in fact, sign a confession implicating Mr. Trujillo, the admission of such a confession may warrant severance on *Bruton* grounds. Of course, the Court would wish to view the confession *in camera* before making a ruling on this matter if and when the existence of such a confession is brought to the Court's attention. *See* Fed. R. Crim. P. 14.

circumstances arise indicating that failure to sever will unduly prejudice a defendant. *Schaffer v. United States*, 362 U.S. 511, 516 (1960).

**IT IS THEREFORE ORDERED** that Defendant Trujillo's Motion to Sever Trial of Defendants is hereby **DENIED.**  The request for a hearing is hereby **DENIED.**

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

Attorney for Plaintiff:
    Erlinda V. Ocampo

Attorney for Defendants:
    Todd Hotchkiss
    Marc Robert