# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                                                                                                  Cr. No. 01-016 MV

ARTURO CARLOS RAEL,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Motion for Disclosure of Impeachment Information Pursuant to <u>Giglio v. United States</u> **[Doc. No. 99]**. The Court having considered the motion, briefs, relevant law and being otherwise fully informed finds that the motion is well taken and will be **GRANTED**.

## BACKGROUND

On January 4, 2001, a grand jury issued an eight-count indictment **[Doc. No. 14]** against Defendants Carlos Arturo Rael and Steven K. Trujillo. Defendant Rael is named in six of the eight counts for conspiracy; maintaining a place for manufacturing, distributing, or using controlled substances; possessing a firearm in furtherance of a drug trafficking crime; and aiding and abetting. A subsequent grand jury issued a superceding indictment **[Doc. No. 78]**, which modified the amount of controlled substances at issue.

Defendant filed a Motion for Disclosure of Impeachment Information Pursuant to Giglio v. United States **[Doc. No. 99]** on August 10, 2001, requesting the Court to order the government to disclose impeachment material with respect to material witnesses in this case. Specifically, Defendant seeks to obtain information regarding FBI investigations of James Purdy and Renee Rivera, members of the Valencia County Sheriff's Department who may have provided the factual information underlying the search warrant issued against Defendant. The government filed its response **[Doc. No. 117]** on August 16, 2001.

## STANDARDS

Rule 16(a)(1)(C) of the Federal Rules of Criminal Procedure obligates the government to permit the defendant "to inspect . . . documents . . . which are material to the preparation of the defendant's defense . . . ." Moreover, this obligation becomes constitutional in nature if the disclosure concerns impeachment evidence of a government witness. See Giglio v. United States, 405 U.S. 150 (1972). In order to prevent a constitutional violation, the government cannot suppress impeachment evidence that is favorable to the accused and is material. See United States v. Gonzalez-Montoya, 161 F.3d 643, 649 (10th Cir. 1998).

## DISCUSSION

The government is correct that it has no constitutional obligation under Giglio to disclose impeachment evidence of persons who are not called as witnesses by the government. See United States v. Green, 178 F.3d 1099, 1109 (10th Cir. 1999). Thus, if the government does not call Officers Purdy and Rivera as witnesses, it may constitutionally suppress information that would

2

have undermined their credibility as witnesses.

However, the government lists John Mallory, an agent with the Valencia County Sheriff's Department, as a witness for its case in chief; thus, any impeachment evidence related to Agent Mallory's testimony must be disclosed pursuant to Giglio. Defendant contends that Agent Mallory's affidavit in support of the search warrant contained allegedly false information provided by Officers Purdy and Rivera. Consequently, any wrongdoing by Officers Purdy and Rivera could be used as impeachment evidence to question the credibility of Agent Mallory's testimony at trial and should be disclosed.

The Court also notes that the requested information should alternatively be disclosed pursuant to Rule 16 of the Federal Rules of Criminal Procedure because such information is material to Defendant's preparation of his defense. Defendant has moved to exclude evidence in connection with the search warrant, and any information that undermines the propriety of the search warrant would necessarily be material to that motion.

**CONCLUSION**

**IT IS THEREFORE ORDERED** that Defendant's Motion for Disclosure of Impeachment Information Pursuant to Giglio v. United States **[Doc. No. 99]** is hereby **GRANTED**. The government must disclose to Defendant any report, memoranda, correspondence, interview transcript or tape, or other document in any form that was generated, prepared, or received by the Federal Bureau of Investigation, the U.S. Attorney's Office, or other law enforcement agency in the course of investigating Officers James Purdy and Renee Rivera, or Agent John Mallory.

Dated this 12th day of December, 2001.

_____
MARTHA VÁZQUEZ
U. S. DISTRICT COURT JUDGE

Attorney for Plaintiff:
Erlinda V. Ocampo
Glynette Carson McNabb

Attorneys for Defendant:
Marc C. Robert
Kirtan Khalsa