IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                                             Cr. No. 01-016 MV

ARTURO CARLOS RAEL,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Motion to Vacate Trial Setting and Notice of Non-Waiver of Thirty-Day Period Prior to Commencement of Trial Pursuant to 18 U.S.C. § 1361(c)(2), or in the Alternative Motion to Continue Trial **[Doc. No. 161]**. The Court having considered the motion, briefs, relevant law and being otherwise fully informed finds that the motion is well taken and will be **GRANTED in part**.

### BACKGROUND

On January 4, 2001, a grand jury issued an eight-count indictment **[Doc. No. 14]** against Defendants Carlos Arturo Rael and Steven K. Trujillo. Defendant Rael is named in six of the eight counts for conspiracy; maintaining a place for manufacturing, distributing, or using

controlled substances; possessing a firearm in furtherance of a drug trafficking crime; and aiding and abetting. A subsequent grand jury issued a superceding indictment **[Doc. No. 78]**, which modified the amount of controlled substances at issue.

The government filed a Notice of Superceding Indictment and Objection to Defendant's Motion to Continue Trial **[Doc. No. 157]** on December 11, 2001, which stated its intention to present a second superceding indictment to a federal grand jury. The government anticipates the grand jury to return the second superceding indictment on December 13, 2001. According to the government, the only changes will concern the offense of possessing a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A), in Counts III, IV, V, and VI that will allege Defendant possessed firearms in furtherance of the offense of maintaining a place for manufacturing, distributing, or using controlled substances as stated in Count II, rather than the conspiracy charge in Count I.

On December 11, 2001, Defendant filed its motion to vacate the trial setting or to continue the trial **[Doc. No. 161]**. Defendant argues the anticipated second superceding indictment would either entitle him to a new 30-day time limit pursuant to 18 U.S.C. § 3161(c)(2) or, in the alternative, authorize the Court to grant a 30-day continuance pursuant to 18 U.S.C. § 3161(h)(8).

While it would normally be premature for the Court to rule on Defendant's motion before the grand jury returns a second superceding indictment, it finds it necessary to rule on the motion due to the time constraints of Defendant's trial, which has been set for December 18, 2001.

**STANDARDS**

The Speedy Trial Act of 1974 has established time limits for criminal trials, where "the trial shall not commence less than thirty days from the date on which the defendant first appears through counsel . . . ." 18 U.S.C. § 3161(c)(2). Moreover, the Act provides that the trial judge with the authority to grant a continuance if "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8); see also United States v. Rojas-Contreras, 474 U.S. 231, 236 (1985).

**DISCUSSION**

The government correctly states that a superceding indictment may be filed at any time. See United States v. Wilks, 629 F.2d 669, 672 (10th Cir. 1980). However, a superceding indictment filed near the commencement of the trial should not prejudice the defendant. Id. While the government may characterize the changes as merely "technical," the fact that it found it "prudent" to modify the indictment is a pointed recognition that the second superceding indictment changes the strategy of the government's case-in-chief. In the first superceding indictment, the 924(c) charges were directly linked to the conspiracy charges. However, the second superceding indictment will link the 924(c) charges to the offense of maintaining a place for drug trafficking activity, which substantially alters the main focus of the trial.

Until now, Defendant prepared his defense with the belief that the government's burden on most of the counts primarily related to the conspiracy charge, but must now focus on completely different charges. The government could have sought these changes much earlier, and its recent change of strategy so close to the trial date must not prejudice Defendant's right to present his defense at trial.

The Court is authorized to grant a continuance if "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h). Indeed, the U.S. Supreme Court explicitly stated that "the authority of the District Court to grant an 'ends of justice' continuance should take care of any case in which the Government seeks a superceding indictment which operates to prejudice a defendant." Rojas-Contreras, 474 U.S. at 236. Therefore, in order to prevent prejudice to Defendant in this criminal matter by the anticipated filing of a second superceding indictment just a few days before the commencement of trial, the Court grants Defendant's motion for a continuance.[1] This continuance does not result from congestion of the Court's docket, but rather for the purposes of providing Defendant with sufficient time to prepare for trial and ensuring that his attorneys will provide effective assistance of counsel.

Because the motion for continuance has been granted, the Court finds it unnecessary to address Defendant's motion to vacate and his purported entitlement to a new 30-day trial preparation period under the Speedy Trial Act.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion to Vacate Trial Setting and Notice of Non-Waiver of Thirty-Day Period Prior to Commencement of Trial Pursuant to 18 U.S.C. § 1361(c)(2), or in the Alternative Motion to Continue Trial **[Doc. No. 161]** is hereby **GRANTED in part.** The trial date, currently set for December 18, 2001, is continued for

---

[1] The Court notes that it has granted continuances on three separate occasions in this criminal matter. Even though these continuances were based on valid grounds, it is imperative that this trial take place as soon as possible in the interests of Defendant and the public. Therefore, the Court will look unfavorably upon any further delays without sufficient justification.

approximately thirty days.

Dated this 12th day of December, 2001.

                                                                     _____
                                                                     MARTHA VÁZQUEZ
                                                                     U. S. DISTRICT COURT JUDGE

Attorney for Plaintiff:
Erlinda V. Ocampo
Glynette Carson McNabb

Attorney for Defendant:
Marc C. Robert
Kirtan Khalsa